No. 27,906.

## The Kansas Wheat Growers' Association, *Appellant*, v. John Loehr, *Appellee*.

(264 Pac. 735.)

### SYLLABUS BY THE COURT.

Agriculture—*Coöperative Marketing Agreements—Evidence of Liability for Breach.* Under the evidence outlined in the opinion, it was error for the court to instruct the jury to return a verdict in favor of the defendant.

Appeal from Sedgwick district court, division No. 4; Isaac N. Williams, judge. Opinion filed March 10, 1928. Reversed.

*T. A. Noftzger, George W. Cox, W. J. Masemore, R. L. NeSmith* and *J. L. Weigand,* all of Wichita, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Burch, J.: The plaintiff prosecutes this action under a wheat growers' association contract to recover as liquidated damages 25 cents a bushel for 1,000 bushels of wheat sold by the defendant to parties other than the plaintiff in violation of his contract covering the years 1921, 1922, 1923, 1924 and 1925. At the close of the evidence of the plaintiff, the defendant interposed a demurrer thereto, concerning which the court said: "According to the terms of the contract, I don't think the demurrer should be sustained. The demurrer will be overruled."

The defendant then introduced his evidence. At the close of all the evidence, the court instructed the jury to return a verdict in favor of the defendant; that was done. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The only question presented is, Was it error for the court to instruct the jury to return a verdict in favor of the defendant? If there was evidence which tended to prove the facts necessary to establish the plaintiff's cause of action, that evidence should have been submitted to the jury under proper instructions, and the jury should have returned its verdict thereon. This necessitates an examination of the evidence.

John Loehr, the defendant, called as a witness in behalf of the plaintiff, testified as follows:

"I owned 80 acres of land south of Garden Plain in 1922. I still own it.

Trial, 38 Cyc. p. 1567 n. 96.

About six months or a year later I bought another 80 from my brother; that is in the same quarter. . . .

"In 1923 there was 60 acres of wheat on the 160. I raised probably 800 or 900 or 1,000 bushels; something like 1,000 bushels in 1923. I think it would make more than 12 bushels an acre; 720 bushels is about right. . . .

"At the present time I own 160 acres south of Garden Plain; there was 50 or 60 acres of wheat that was harvested in 1925. On this same place in 1924, there was about 40 or 50 acres in wheat. About 40 acres of wheat was raised on this farm in 1923. It was most likely sold to John Kepler of Garden Plain. Most likely it was sold to Kepler or Sommerhauser in each one of those years."

The testimony of John Loehr tended to prove that for some of the years covered by the contract for which the plaintiff seeks to recover, the defendant by some kind of an arrangement transferred to his sons wheat raised or controlled by him; but the evidence was such as to raise the question of the good faith of those transactions. From the evidence, the jury might have concluded that those transactions were had for the purpose of avoiding the contract with the plaintiff.

The defendant relies on a compromise and settlement of the controversy arising over the wheat grown in 1922. A compromise and settlement was not pleaded by the defendant. The evidence tended to prove that the defendant did not perform the conditions of the compromise and settlement. It concerned the wheat grown in 1922. Whether or not there had been a compromise and settlement was for the jury to say. There was evidence which tended to prove that the defendant, in violation of his contract, also sold wheat covered by the contract grown in 1923 and 1924. It was error for the court to instruct the jury to return a verdict in favor of the defendant.

The judgment is reversed, and a new trial is directed.